Case 2:10-cv-01033-KJD-PAL   Document 1   Filed 06/25/10   Page 1 of 7

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS BACKSTAGE ACCESS, an entity of unknown origin and nature; and MICHAEL STOTTS, an individual;<br><br>Defendants. | Case No.: 2:10-cv-1033<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Vegas Backstage Access ("Vegas Backstage") and Mike Stotts ("Mr. Stotts"; collectively with Vegas Backstage known herein as the "Defendants") on information and belief:

### NATURE OF ACTION

1.   This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Stotts is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5. Vegas Backstage is, and has been at all times relevant to this lawsuit, an entity of unknown status and origin.

6. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Vegas Backstage is not a formally-organized business entity.

7. Vegas Backstage is, and has been at all times relevant to this lawsuit, identified by the current registrar, Wild West Domains, Inc. ("Wild West"), as the registrant of the Internet domain found at <vbablogger.com> (the "Domain").

8. Mr. Stotts is, and has been at all times relevant to this lawsuit, identified by Wild West, as the administrative and technical contact for the Domain.

9. Mr. Stotts is, and has been at all times relevant to this lawsuit, identified as the, "Owner at Las Vegas Backstage Access," as evidenced by Mr. Stotts' LinkedIn webpage, attached hereto as Exhibit 1.

## JURISDICTION

10. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

11. Righthaven is the owner of the copyright in the literary work entitled: "Ex-manager sues entertainer, claiming coercion" (the "Work"), attached hereto as Exhibit 2.

12. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

13. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

14. On or about March 16, 2010, The Defendants displayed, and continue to display, on http://vbablogger.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website") an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3.

15. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

16. The subject matter, at least in part, of both the Work and the Infringement, is a lawsuit filed in Clark County District Court of Nevada against an entertainer by her former manager.

17. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

18. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

19. Mr. Stotts purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

20. Vegas Backstage purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

## **VENUE**

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

3

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(3) and § 1400(a), because Mr. Stotts may be found in Nevada.

## FACTS

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

24. Righthaven is the owner of the copyright in and to the Work.

25. The Work was originally published on March 10, 2010.

26. On June 9, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007153190 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

27. Mr. Stotts replaced the Work's original title, "Ex-manager sues entertainer, claiming coercion," with a new title, "Magician Tiff goes Terribly Wrong in Las Vegas."

28. No later than March 16, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

29. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

30. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

31. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 30 above.

32. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

33. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

34. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

35. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

36. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

37. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

38. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

39. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

40. Mr. Stotts has willfully engaged in the copyright infringement of the Work.

41. Vegas Backstage has willfully engaged in the copyright infringement of the Work.

42. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

43. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Wild West and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-fifth day of June, 2010.

                              RIGHTHAVEN LLC

                              By: /s/ J. Charles Coons
                              STEVEN A. GIBSON, ESQ.
                              Nevada Bar No. 6656
                              J. CHARLES COONS, ESQ.
                              Nevada Bar No. 10553
                              JOSEPH C. CHU, ESQ.
                              Nevada Bar No. 11082
                              9960 West Cheyenne Avenue, Suite 210
                              Las Vegas, Nevada 89129-7701
                              Attorneys for Plaintiff